IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GERALDINE CARTER, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:09-CV-112 (CDL) |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

O R D E R

This action arises from the alleged negligence of Defendant United States ("Defendant") in maintaining the premises of the Fort Benning Commissary ("Commissary"). Plaintiff Geraldine Carter ("Carter") alleges that, due to Defendant's negligence, she sustained serious injuries when she slipped and fell while shopping at the Commissary. Presently pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 12). For the following reasons, Defendant's motion is granted in part and denied in part.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the

evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

In accordance with Local Rule 56, Defendant filed a statement of material facts to which Defendant contends there is no genuine dispute. Def.'s Mot. for Summ. J. Attach. 1, Def.'s Statement of Undisputed Material Facts, ECF No. 12-1. Pursuant to Local Rule 56, each fact statement is supported by a specific citation to the record. *See* M.D. Ga. R. 56. Local Rule 56 also required Carter to respond to Defendant's statement of material facts. *Id.* The Court advised Carter, who is proceeding pro se, of her right to respond to Defendant's summary judgment motion and of her burden to submit evidence. Order 2-3, Jan. 26, 2011, ECF No. 15. Nonetheless, Carter did not respond to Defendant's summary judgment or statement of material facts. Accordingly, Defendant's statement of undisputed material facts is deemed admitted under Local Rule 56. The Court has reviewed those citations to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir.

2008) (internal quotation marks omitted). Based on the Court's review of Defendant's statement of material facts and record citations, the material undisputed facts, viewed in the light most favorable to Carter, are as follows.

On August 22, 2006, Carter and her sister went grocery shopping at the Commissary, which is located at Fort Benning, Georgia. At approximately 2:50 p.m., Carter slipped and fell while shopping near the orange juice aisle. According to Carter, there was milk on the floor, and that is what caused her to slip and fall. Carter did not see any milk on the floor before she fell, and she does not know how much milk was on the floor or how long it was there. No Commissary employees saw Carter fall, and there is no evidence that any Commissary employee saw milk on the floor in the vicinity of Carter's fall.

Commissary employees conduct hourly aisle checks of the store, looking for wet and dry spills. If a Commissary employee finds a spill, the employee uses a hand-held radio to call for someone to come clean up the spill. The employee also stays at the spill site until it is cleaned.

On August 22, 2006, Commissary employee Julia Ferebee conducted hourly aisle checks between 10:00 a.m. to 3:00 p.m. Commissary employee Viviator Clark conducted the hourly aisle check between 3:00 and 4:00 p.m. Neither Ferebee nor Clark saw any liquid on the floor in the vicinity of Carter's fall.

3

DISCUSSION

Carter's claims appear to be brought under the Federal Tort Claims Act. Under the Federal Tort Claims Act, the Court must apply Georgia law because Defendant's allegedly negligent acts and omissions occurred in Georgia. 28 U.S.C. § 1346(b)(1).

Under Georgia law, landowners have a duty to exercise reasonable care to keep their premises safe for their invitees. O.C.G.A. § 51-3-1. However, "[p]roof of a fall, without more, does not create liability on the part of a proprietor or landowner. It is common knowledge that people fall on the best of sidewalks and floors." *Pinckney v. Covington Athletic Club & Fitness Ctr.*, 288 Ga. App. 891, 893, 655 S.E.2d 650, 652-53 (2007) (internal quotation marks omitted). To establish liability in this slip-and-fall action, Carter must prove that Defendant "had actual or constructive knowledge of the hazard." *Robinson v. Kroger Co.*, 268 Ga. 735, 748, 493 S.E.2d 403, 414 (1997). She must also establish that she "lacked knowledge of the hazard despite the exercise of ordinary care." *Id.* Finally, Carter must prove that the hazard caused her fall. *Pinckney*, 288 Ga. App. at 893, 655 S.E.2d at 653.

There is no evidence that Defendant had actual knowledge of any spill in the vicinity of Carter's fall. The question, therefore, is whether Defendant had constructive knowledge of the spill. Constructive knowledge can be established in two

4

ways. First, constructive knowledge is established if "an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard." *Blocker v. Wal-Mart Stores, Inc.*, 287 Ga. App. 588, 590, 651 S.E.2d 845, 847 (2007) (internal quotation marks omitted). Carter did not meet her burden of establishing constructive knowledge by this method; there is no evidence that any Commissary employee was positioned in the immediate vicinity of the spill and had the opportunity and means to discover and remove the spill.

Second, constructive knowledge is established if "the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises." *Id.* "In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." *Id.* at 591, 651 S.E.2d at 847 (emphasis omitted) (internal quotation marks omitted).

"[W]hat constitutes a reasonable inspection procedure var[ies] with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location."

5

*Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 748, 527 S.E.2d 36, 39 (1999). In *Shepard*, the Georgia Court of Appeals found that the reasonableness of a grocery store's inspection procedures—which required aisle checks every thirty minutes—was for the jury to determine. *Id.* ("When a supermarket fills a table with crushed ice and produce, knowing that customers will remove the produce and likely cause at least some ice to fall on the floor, it creates a potential hazard to customers that may be very difficult to see and avoid. Thus, an inspection may be required more frequently than every 30 minutes."); *accord Jones v. Krystal Co.*, 231 Ga. App. 102, 105-06, 498 S.E.2d 565, 568 (1998) (finding jury question as to whether failure to inspect fast food restaurant during 20-minute period was unreasonable).

Here, the evidence shows that Defendant had an inspection procedure that called for hourly aisle checks of the Commissary. Defendant asks the Court to assume that an hourly aisle check of the Commissary was reasonable as a matter of law. Based on *Shepard* and *Jones*, however, the Court cannot conclude that Defendant's hourly inspection procedure was reasonable *as a matter of law*; this is a fact question. Therefore, the Court finds that a genuine fact dispute exists as to whether Defendant had constructive knowledge of the spill.

Because a fact dispute exists as to whether Defendant should have been aware of the milk on the floor, the Court must

6

determine whether there is a genuine fact dispute on whether Carter lacked knowledge of the spill despite the exercise of ordinary care. *Robinson,* 268 Ga. at 748, 493 S.E.2d at 414. Defendant pointed the Court to evidence that Carter did not know there was liquid on the floor until after she fell. Defendant essentially contends that Carter did not exercise reasonable care as a matter of law simply because she was not looking down at the floor when she slipped. Mem. in Supp. of Def.'s Mot. for Summ. J. 12-13, ECF No. 12-2 [hereinafter Def.'s Mem.]. In support of this argument, Defendant cited *Smith v. Wal-Mart Stores, Inc.*, 199 Ga. App. 808, 809, 406 S.E.2d 234, 236 (1991), in which the Georgia Court of Appeals found as a matter of law that the plaintiff did not exercise due care because she did not look down to see the liquid puddle in which she slipped. Def.'s Mem. 12.

Defendant ignores the fact that the Georgia Supreme Court "disapprove[d] of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care." *Robinson*, 268 Ga. at 743, 493 S.E.2d at 410. "Demanding as a matter of law that an invitee visually inspect each footfall requires an invitee to look continuously at the floor for defects, a task an invitee is not required to perform . . . since the invitee is entitled to assume that the

owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises." *Id.*; *accord Shepard*, 241 Ga. App. at 748, 527 S.E.2d at 39 (finding that plaintiff's "decision to look ahead instead of down as she was walking through the store does not establish her negligence as a matter of law"). In light of *Robinson* and *Shepard*, the Court cannot conclude as a matter of law that Carter failed to exercise reasonable care simply because she was not looking down at the floor when she fell.

The final question for the Court is whether there is a genuine fact dispute on causation. Defendant pointed the Court to evidence that Carter fell as a result of the spilled milk. *E.g.*, Carter Dep. 44:19-23, 69:9-12, ECF No. 14 (Carter testifying that she fell because of milk on the floor). Defendant also pointed the Court to evidence that Carter sustained bodily injuries and experienced pain as a result of the fall. *E.g.* Carter Dep. 73:12-23, 199:2:8 (Carter testifying that she hurt her wrist, ankle, knees, and back because of the fall, that she "sprung" her left ankle so that she had to hop on her right leg just after the fall, and that her right hip was

hurting right after the fall). Based on this evidence, the Court finds that a genuine fact dispute exists on causation.[1]

Defendant argues that even if Carter's claims may proceed to trial, Carter's damages should be limited to no more than $250,000, which is the amount of damages Carter claimed in her "Claim for Damage, Injury or Death" form to the United States Army. *See* Def.'s Mot. for Summ. J. Ex. E, Claim for Injury, Damage, or Death, ECF No. 12-7. Under 28 U.S.C. § 2675(b), an action under the Federal Tort Claims Act "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." The statute does provide an exception: an increased amount may be sought if it "is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" or if the plaintiff alleges and proves "intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

Carter pointed the Court to no newly discovered evidence or intervening facts showing that her damages exceed $250,000. Therefore, Carter has failed to carry her burden of

---

[1] In the statement of facts portion of its brief, Defendant appears to suggest that some of Carter's alleged injuries predated her fall in the Commissary. Def.'s Mem. 5-7. Defendant did not argue for summary judgment based on Carter's failure to show a genuine fact dispute on causation. Moreover, the mere fact that Carter injured herself prior to the Commissary fall does not mean that Carter did not also injure herself when she fell in the Commissary.

9

demonstrating a genuine fact dispute as to whether her claim meets one of the § 2675(b) exceptions. Accordingly, if Carter prevails at trial, she may recover no more than $250,000.00.

CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 12) is granted in part and denied in part.

IT IS SO ORDERED, this 9th day of March, 2011.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE